[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION
In the above-captioned matter, following a hearing on October 17, this court granted the plaintiff's application for a temporary injunction. At that time the court issued the following order:
 "A temporary injunction restraining defendant Shoreline Care Limited Partnership from proceeding with the arbitration it demanded on or about June 7, 1994."
After the court issued the temporary injunction, the attorney for the defendant stated the defendant's desire that the court enter an order for a permanent injunction. At the hearing, the attorney for the plaintiff did not immediately join in the defendant's request. At that time, the court indicated that if the pleadings were closed by October 24 and with the consent of both parties the court would enter a permanent injunction based upon the record of the October 17 hearing. CT Page 11168
The court is now in receipt of the reply to the special defenses dated October 24, 1994 and correspondence from the attorney for the plaintiff in the matter indicating "the plaintiff now joins the defendant in consenting to the entry of a permanent injunction." Based upon the foregoing, the court hereby enters a permanent injunction restraining the defendant Shoreline Care Limited Partnership from proceeding with the arbitration it demanded on or about June 7, 1994.
Recognizing the requirements of Practice Book § 334A the court makes the following findings:
1. The plaintiff The Weitz Company, Inc. is an Iowa corporation with a principal place of business in Des Moines, Iowa.
2. The defendant Shoreline Care Limited Partnership is a Connecticut Limited Partnership with a principal place of business in New Haven, Connecticut.
3. On or about October 5, 1989 Weitz as general contractor entered into a written contract with Shoreline as owner for the construction of a continuing care retirement community known as Evergreen Woods located in North Branford, Connecticut.
4. Weitz and Shoreline agreed that the construction of the project would be accomplished in two phases.
5. The phase I contract generally incorporated the "general conditions of the contract for construction." AIA document A201, 14th Edition, 1987. However the supplemental general conditions of the phase I contract expressly deleted the arbitration section of the general conditions (sub paragraph 4.5) and expressly deleted "all references to arbitration in the phase I contract."
6. By agreement between the parties dated April 30, 1991 the parties modified the terms of the October 5, 1989 contract. Under the amended agreement, any and all issues, claims or disputes between the parties concerning the phase II contract are subject to arbitration.
7. The agreement between the parties dated April 30, 1991 does not have the effect of making matters under the phase I contract subject to arbitration. CT Page 11169
8. On or about June 7, 1994 Shoreline filed a demand for arbitration with the American Arbitration Association claiming that Weitz breached the contract and further claiming that Shoreline and Weitz had agreed to arbitrate all disputes under phase I or phase II of the contract.
9. Although Weitz has agreed to arbitrate claims under phase II the demand for arbitration does not distinguish between phase I and phase II.
10. If Shoreline's request for arbitration is honored Weitz will suffer severe and irreparable harm in that it will be forced to arbitrate phase I issues which it has not agreed to arbitrate and it will have no adequate remedy of law.
11. Shoreline has filed three special defenses all of which claim that the agreement between the parties dated April 30, 1991, modifying the terms of the October 5, 1989 contract, had the effect of making all disputes between the parties whether as to phase I work or phase II work subject to arbitration. The court finds that while phase II work is subject to arbitration because of the April 30, 1991 agreement, phase I work continues to be free of a requirement of arbitration because of the terms of the October 5, 1989 contract which the court finds not to be amended insofar as it applies to arbitration of phase I disputes.
The court by,
Kevin E. Booth, Judge